Emma Bruden, OSB #163525
Kampmeier & Knutsen PLLC
1300 SE Stark Street, Suite 202
Portland, OR 97214
Telephone: (503) 719-5641
Email: emma@kampmeierknutsen.com

*Counsel for Plaintiff*

*Additional Counsel Listed in Signature Block*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, a foreign business corporation,<br><br>Defendant. | Case No. 1:25-cv-02352-MC<br><br>JOINT STATUS REPORT |

**JOINT STATUS REPORT**

In accordance with the Court's July 14, 2026 scheduling order, ECF No. 23, Plaintiff Northwest Environmental Defense Center and Defendant Federal Express Corporation (collectively, "the Parties") hereby submit this joint status report as follows:

1. On July 13, 2026, the Parties filed the Joint Motion for Entry of [Proposed] Consent Decree, ECF No. 22, and the Stipulations and [Proposed] Consent Decree, ECF No. 22-1, with the Court.

2. As explained in the Joint Motion for Entry of [Proposed] Order, ECF No. 22, the Clean Water Act requires Plaintiff to serve copies of the Stipulations and [Proposed] Consent Decree on the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency, and it provides that the court may not enter the proposed Consent Decree until forty-five days after receipt of it by both the Administrator of the U.S. Environmental Protection Agency and the U.S. Attorney General. *See* 33 U.S.C. § 1365(c)(3); 40 C.F.R. § 135.5.

3. On July 13, 2026, counsel for Plaintiff, Emma Bruden, sent the Stipulations and [Proposed] Consent Decree to the Administrator of the U.S. Environmental Protection Agency, the Regional Administrator of the U.S. Environmental Protection Agency for Region 10, the Acting Attorney General of the U.S. Department of Justice, and the Citizen Suit Coordinator via certified mail with the U.S. Postal Service to those officials, as well as via email to the Citizen Suit Coordinator.

4. Counsel for Plaintiff, Emma Bruden, has confirmed that the federal officials received the Stipulations and [Proposed] Consent Decree on the following dates: the Citizen Suit Coordinator on July 13, 2026 via email and July 16, 2026 via certified mail; the Regional Administrator of the U.S. Environmental Protection Agency for Region 10 on July 18, 2026 via certified mail; the Administrator of the U.S. Environmental Protection Agency on July 20, 2026 via certified mail; and the Acting Attorney General of the U.S. Department of Justice on July 21, 2026 via certified mail.

5. Further, on July 15, 2026, the Parties and some of their counsel of record received correspondence from the U.S. Department of Justice entitled "Notification on Receipt of a Clean Air Act or Clean Water Act Citizen Suit Settlement Agreement," which is attached hereto as Exhibit 1. That correspondence indicated that the United States intended to complete its review and provide any comments within forty-five days of July 13, 2026, meaning by August 27, 2026, and that if the United States has no comments or objections, the Parties would not receive additional contact from the U.S. Department of Justice regarding this matter. *See* Ex. 1. The Parties did not receive any additional contact from the U.S. Department of Justice regarding this matter by August 27, 2026.

6. Based on the foregoing and the upcoming federal holiday on September 7, 2026, the Parties calculate that the Joint Motion for Entry of [Proposed] Consent Decree, ECF No. 22, will be ready for the Court's consideration on **September 8, 2026**.

RESPECTFULLY SUBMITTED this 31st day of August 2026.

Kampmeier & Knutsen PLLC

By: *s/ Emma Bruden*
Emma Bruden, OSB #163525
1300 SE Stark Street, Suite 202
Portland, OR 97214
Telephone: (503) 719-5641
Email: emma@kampmeierknutsen.com

*Attorneys for Plaintiff Northwest Environmental Defense Center*

STOEL RIVES LLP

s/ Reilley D. Keating
Reilley D. Keating, OSB # 073762
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480
Email: reilley.keating@stoel.com

Michael A. Siedband, *Admitted Pro Hac Vice*
Federal Express Corporation
3620 Hacks Cross Rd., Bldg B. 3rd Floor
Memphis, TN 38125
Telephone: (901) 355-2075
Email: michael.siedband@fedex.com

*Attorneys for Defendant Federal Express Corporation*

# Exhibit 1

**United States Department of Justice**
Environment and Natural Resources Division

## NOTIFICATION ON RECEIPT OF A CLEAN AIR ACT OR CLEAN WATER ACT CITIZEN SUIT SETTLEMENT AGREEMENT

On July 13, 2026, the Department of Justice (DOJ) received your Clean Water Act (CWA) or Clean Air Act (CAA) citizen suit proposed consent judgment.[1] Under Section 505(c)(3) of the Clean Water Act, 33 U.S.C. 1251 et seq., Section 304(c)(3) of the Clean Air Act, 42 U.S.C. 7601 et seq., and 40 C.F.R. 135.5(b), the United States has 45 days from this date to complete the federal review and provide comments.

The proposed consent judgment has been distributed internally for review. **If the United States has no comments or objections, you will NOT receive additional contact regarding this matter.** We will contact the parties or the Court prior to the conclusion of the 45-day review period if we have any questions, comments, or objections. If you do not receive any further communications from us regarding this proposed consent judgment, you may represent that the United States has no comment on this consent judgment.

In light of 42 U.S.C. 7604(c)(3) and 40 C.F.R. 135.5(b), the plaintiff should notify the Court of the statutory requirement that the consent judgment shall not be entered prior to 45 days following the receipt by DOJ and EPA. Plaintiff should also notify the Court of the date on which the Attorney General and the Administrator received copies of the proposed consent judgment.

If counsel has previously communicated a due date to the Court that is different from the date calculated by DOJ, please notify the Court immediately. Also, if you believe there is a risk of premature entry by the Court, please let us know so that we may notify the Court that we are in the process of reviewing the consent judgment. These steps will help ensure compliance with Section 505 of the Clean Water Act and Section 304 of the Clean Air Act and avoid potential questions of validity arising from premature entry of a proposed consent judgment in violation of that section. Finally, please be aware that future revisions to the version you have submitted for review may restart the 45-day review period. (We may, however, choose to waive such subsequent review on request.)

In its review, the United States seeks to ensure that the proposed consent judgment complies

[1] The term "consent judgment" in the Clean Water Act and Clean Air Act citizen suit provisions has a broad meaning and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case. For example, a document stipulating to dismissal of a case of any part thereof is within the scope of this language. Such documents and any associated instruments must be submitted to the United States and the court for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials. The Department monitors citizen suit litigation to review compliance with this requirement.

with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, and/or injunctive relief sufficient to deter future violations, or combinations of the above.

The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications. *See* 33 U.S.C. §1365(c)(3); 42 U.S.C. § 7604(c)(3).